**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THOMAS VAIL,

      Plaintiff,

v.

PIONEER MUTUAL LIFE
INSURANCE CO., et al.,

      Defendants.

2:10-CV-233 JCM (LRL)

**ORDER**

    Presently before the court is defendants Pioneer Mutual Life Insurance Company's, American United Life Insurance Company's, Nikki Dipple's, and Jay B. Williams' motion to dismiss. (Doc. #10). Plaintiff has responded (doc. #26), and defendants replied (doc. #27).

    The instant dispute arises from an employment agreement between the plaintiff, Thomas Vail, and defendants Pioneer Mutual Life Insurance Company ("PMLI") and American United Life Insurance Company ("AULI"). Defendant Nikki Dipple, at all relevant times, was a senior marketing specialist for defendant PMLI. Defendant Jay B. Williams, at all relevant times, was a corporate vice-president of defendant AULI.

    The plaintiff was employed as a general insurance agent with defendants PMLI and AULI pursuant to a written contract, entitled "General Agent Agreement," attached to the complaint as exhibit 1. (Doc. #1, compl., ex. 1). On February 20, 2008, defendant Dipple discovered a Fox news article covering charges against the plaintiff in an alleged "bait and switch" scheme for the sale of certificates of deposit. Dipple forwarded the article to upper management of PMLI and AULI,

**James C. Mahan**
**U.S. District Judge**

1  including defendant Williams. Following this exchange, defendants PMLI and AULI sent the
2  plaintiff a notice of termination of employment due to "questionable business practices." (Doc. #1,
3  compl., ex. 2).

4  The plaintiff subsequently brought suit against his former employers, PMLI and AULI, as
5  well as against defendants Dipple and Williams. Plaintiff claims that the information contained in
6  the forwarded news article was false and that his termination was therefore unjustified. Defendants
7  have collectively filed the instant motion to dismiss each of plaintiff's five claims for relief pursuant
8  to Federal Rule of Civil Procedure 12(b)(6). (Doc. #10).

9  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
10  as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
11  1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
12  complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
13  line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.
14  at 557). However, where there are well pled factual allegations, the court should assume their
15  veracity and determine if they give rise to relief. *Id.* at 1950.

16  Here, the court finds that the plaintiff has not pled sufficient factual matter to survive
17  defendants' motion to dismiss on claims two through five. However, the first claim for relief
18  survives the motion to dismiss as a plausible cause of action.

19  **I.    SECOND CLAIM FOR RELIEF – DEFAMATION**

20  To plead defamation, a plaintiff must allege: "(1) a false and defamatory statement by [a]
21  defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault,
22  amounting to at least negligence; and (4) actual or presumed damages." *Pegasus v. Reno*
23  *Newspapers, Inc.*, 118 Nev. 706, 718 (2002). A statement is not defamatory if it is absolutely true
24  or substantially true. *Id.* At 715.

25  Here, plaintiff alleges defamation based defendant Dipple's forwarding of a news article
26  about plaintiff's February 2008 indictment to management at PMLI and AULI. The court finds this
27  claim without merit. As defendants note in their motion, even if the information was false, it was

28

James C. Mahan
U.S. District Judge

- 2 -

1  found in a news report that was already published in every sense of the word. Accordingly, plaintiff
2  cannot allege the second element of the tort, an unprivileged publication to a third person, and the
3  defamation claim is not plausible.

4  **II.     THIRD CLAIM FOR RELIEF – BREACH OF CONTRACT**

5  Plaintiff's third claim for relief, breach of contract, alleges that his termination for reasons
6  "extrinsic to the terms of the agreement and contrary to custom and usage in the insurance industry
7  breached the said General Agent agreement." (Doc. #1, compl. ¶ 26).

8  This argument is without merit. "In interpreting a contract, we construe a contract that is clear
9  on its face from the written language, and it should be enforced as written." *State ex rel. Mastro v.*
10 *Second Judicial Dist.*, 199 P.3d 828, 832 (Nev. 2009). The plain language of the agreement between
11 these parties, which is attached to plaintiff's complaint as exhibit 1, states that it "may be terminated
12 by [either party]. . . with or without cause, upon 15 days written notice to the other party." (Doc. #1,
13 compl., ex. 1, p. 4).

14 Accordingly, it is irrelevant whether defendants terminated plaintiff's employment for
15 extrinsic reasons or for reasons contrary to industry custom. Additionally, plaintiff admits that he
16 was given written notice as per the requirements of the agreement: "Defendants . . . did, on or about
17 March 6, 2008, by way of a letter directed to Plaintiff, order the termination of the said agreement
18 15 days thereafter. . . ." (Doc. #1, compl. ¶ 13). Therefore, plaintiff is unable to allege a breach of
19 contract claim that is plausible on its face.

20 **III.    FOURTH CLAIM FOR RELIEF – FALSE LIGHT INVASION OF PRIVACY**

21 To plead false light invasion of privacy, a plaintiff must allege: (1) the defendant gave
22 publicity to a matter concerning the plaintiff that placed the plaintiff before the public in a false light;
23 (2) the false light would be highly offensive to a reasonable person; and (3) the defendant had
24 knowledge of, or acted in reckless disregard as to, the falsity of the publicized matter and the false
25 light in which the plaintiff would be placed. RESTATEMENT (SECOND) OF TORTS § 652E. "False light,
26 like defamation, requires at least an implicit false statement of objective fact." *Flowers v. Carville*,
27 310 F.3d 1118, 1132 (9th Cir. 2002).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Here, falsity of the article aside, it cannot be said that defendant Dipple acted with knowledge
2  or reckless disregard as to the falsity of the publicized matter; she merely forwarded a published
3  article in a reputable news outlet. Thus, plaintiff is unable to allege the third element of the tort.
4  Additionally, the defendants did not "place the plaintiff before the public," as the first element
5  requires, because this was accomplished beforehand by the Nevada Secretary of State's February
6  2008 press release and Fox 5 News' article. Accordingly, plaintiff is unable to allege a false light
7  invasion of privacy claim that is plausible on its face.

8  **IV.    FIFTH CLAIM FOR RELIEF - GOOD FAITH AND FAIR DEALING**

9  Plaintiff's fifth claim for relief alleges breach of the implied covenant of good faith and fair
10 dealing, which is implied in all contracts under Nevada law. *Consol Generator-Nevada v. Cummins*
11 *Engine*, 114 Nev. 1304, 1311 (1998). To plead this tort, the plaintiff must allege: (1) plaintiff and
12 defendant were parties to the agreement; (2) the defendant owed a duty of good faith to the plaintiff;
13 (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose
14 of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 111 Nev.
15 943, 900 (1995).

16 Here, the plaintiff is unable to prove the third and fourth elements of the tort. As noted
17 above, the plain language of the contract states that it could be terminated by either party at will (doc.
18 #1, compl., ex. 1, p. 4), and plaintiff has presented no facts to show defendants otherwise performed
19 in a manner unfaithful to the purpose of the contract. Accordingly, plaintiff has failed to allege that
20 his legitimate expectations were denied as required by the fourth element.

21 Accordingly,
22 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
23 dismiss (doc. #10) is DENIED as to claim one and GRANTED as to claims two through five .
24 DATED October 6, 2010.

25
26                                               _____
27                                               UNITED STATES DISTRICT JUDGE
28

**James C. Mahan**
**U.S. District Judge**

- 4 -