# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS VAIL,<br><br>      Plaintiff,<br><br>v.<br><br>PIONEER MUTUAL LIFE<br>INSURANCE CO., et al.,<br><br>      Defendants. | 2:10-CV-233 JCM (VCF) |

## ORDER

Presently before the court is defendants' motion for summary judgment. (Doc. #43). Despite being given an extension to file an opposition (doc. #54), plaintiff failed to timely file an opposition to the motion for summary judgment.[1]

**I.    Background**

Plaintiff Thomas Vail was an insurance agent who sold insurance policies offered by Defendants Pioneer Mutual Life Insurance Company and American United Life Insurance Company. The relationship between the parties was defined by an insurance agent agreement. Pursuant to the agreement, Vail served as an independent contractor, earning commissions based upon the premiums received by Pioneer in connection with the policies Vail sold.

---

[1] The court granted plaintiff an extension up to and including November 11, 2011 to file an opposition with the court. Plaintiff did not file his opposition until November 16, 2011, five days late. Nevertheless, the court will consider plaintiff's opposition.

**James C. Mahan**
**U.S. District Judge**

On February 20, 2008, defendant Dipple discovered a Fox news article describing charges against the plaintiff in an alleged "bait and switch" scheme for the sale of certificates of deposit. Dipple forwarded the article to upper management of Pioneer and American United, including defendant Williams. Following this exchange, defendants Pioneer and American United sent the plaintiff a notice of termination of employment due to "questionable business practices." Compl., Ex. 2.

The plaintiff subsequently brought suit against Pioneer, American United, Dipple and Williams. Plaintiff claims that the information contained in the forwarded news article was false and that his termination was therefore unjustified. The court dismissed all but one of these claims pursuant to Fed. R. Civ. P. 12(b)(6). *See* doc. #29. Accordingly, the only remaining cause of action in this litigation is Vail's claim for unpaid commissions.

**II.    Discussion**

   *(a)    Legal Standard*

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn*., 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec*., 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc*., 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific

**James C. Mahan**
**U.S. District Judge**

facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. 317, 324; FED. R. CIV. P. 56(c).

    *(b)    Analysis*

The court finds that the defendants have carried their burden of demonstrating that no genuine issue of material fact exists, and defendants are entitled to judgment as a matter of law Vail is not entitled to additional commissions. During the relevant period of employment, 2006 through 2008, Vail sold 13 insurance policies. Poston Decl. ¶ 9, Ex. 5. Of these policies, three were not issued due to underwriting reasons or defects in the application. *Id.* The remaining ten were approved, but subsequently terminated because the policy owners either rejected or surrendered the policies, or allowed them to lapse by failing to pay premiums. *Id.* Of these ten terminated policies, however, five of the policyholders had paid premiums. *Id.*

The insurance agent agreement between the parties specifically states: "If [the insurance company] refund[s] any premium on a policy for any reason, [the agent] will repay [the company] on demand the amount of compensation [the agent] received on the refunded premium." Compl., Ex. 1.

Upon termination, Vail received $193,470.07 in commissions. Of this amount, however, $19,769.46 was credited back to Pioneer to pay off a debt balance Vail had incurred during a previous period of employment.[2] Further, the facts demonstrate that Vail owes an additional $180,624.07 to Pioneer due to a cancelled policy. *Id.*

Due to the allegations of impropriety in the issuance of a policy issued to one Virginia Belt, the Nevada Department of Insurance required Pioneer to conduct an investigation of that policy. As a result of the investigation, Pioneer rescinded the policy. Poston Decl. ¶ 10-11, Ex. 6, but never received refunded commissions from Vail. Poston Decl. ¶ 14.

---

[2] Between 1993 and 2005, Vail worked for Pioneer. During that time, he had received more in advances than he had earned in commissions. Thus, at the time his employment terminated in 2005, he owed an outstanding balance of $19,769.46. Poston Decl. ¶ 13.

**James C. Mahan**
**U.S. District Judge**

- 3 -

In light of these facts, the court cannot find that Pioneer continues to owe Vail commissions. Rather, it appears that Pioneer has significantly overpaid the commissions due because of Vail's failure to repay. Vail contends that after a policy has been in existence for two years, insurance companies may "terminate policies . . . at their discretion[,] but[] by industry guidelines [they do] not debit the agent." Pl.'s Opp. 2. Vail, however, fails to support his contention regarding industry guidelines with any evidence or proof of what those guidelines are.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for summary judgment (doc. #43) be, and the same hereby is, GRANTED.

DATED November 18, 2011.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**